**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4561**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CARLOS ENRIQUE HERNANDEZ,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:11-cr-00300-REP-1)

Submitted:  March 20, 2013        Decided:  April 4, 2013

Before MOTZ, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Nia Ayanna Vidal, Assistant Federal Public Defender, Caroline S. Platt, Appellate Attorney, Richmond, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Brian R. Hood, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Enrique Hernandez, a citizen of El Salvador, pled guilty based on a written statement of facts to one count of illegal re-entry of an aggravated felon, in violation of 8 U.S.C. §§ 1326(a), (b)(2) (2006). Hernandez asserts that his sentence should be vacated because he argues that the district court abused its discretion when it imposed an upward departure sentence based on the underrepresentation of his criminal history score, and that an upward variance was unnecessary because there was "nothing egregious about the facts of []his case [to] warrant such an extreme degree of harshness in sentencing." Hernandez also asserts that the district court plainly erred when it imposed a three-year term of supervised release because the Guidelines recommend against it, and because he asserts that the district court failed to explain why such a term was necessary. Finding no error, we affirm.

We review any criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness, "under a deferential abuse-of-discretion standard." United States v. King, 673 F.3d 274, 283 (4th Cir.), cert. denied, 133 S. Ct. 216 (2012); see Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161

2

(4th Cir. 2008). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.A.] § 3553(a) [(West 2000 & Supp. 2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51.

"[I]f a party repeats on appeal a claim of procedural sentencing error . . . which it has made before the district court, we review for abuse of discretion" and will reverse unless we conclude "that the error was harmless." United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). For instance, if "an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation" by drawing arguments from § 3553 "for a sentence different than the one ultimately imposed," the party sufficiently "preserves its claim." Id. at 578. However, we review unpreserved non-structural sentencing errors for plain error. Id. at 576-77. If, and only if, this court finds the sentence procedurally reasonable can it consider the substantive reasonableness of the sentence imposed. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

Because Hernandez requested a within-Guidelines sentence, we review his seventy-two-month sentence for an abuse of discretion. King, 673 F.3d at 283. When the district court imposes a departure or variant sentence, we consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). The district court "has flexibility in fashioning a sentence outside of the Guidelines range," and need only "'set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis'" for its decision. United States v. Diosdado-Star, 630 F.3d 359, 364 (4th Cir. 2011) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)) (brackets omitted).

"The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Gall, 552 U.S. at 51. "This deference is due in part because the sentencing judge is in a superior position to find facts and judge their import and the judge sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record." Diosdado-Star, 630 F.3d at 366 (internal quotation marks, brackets and

4

citations omitted); see Rita, 551 U.S. at 357–58 (recognizing that the district court "has access to, and greater familiarity with, the individual case and the individual defendant before [the court] than the Commission or the appeals court").

Moreover, when "a district court offers two or more independent rationales for its deviation [from the Guidelines range], an appellate court cannot hold the sentence unreasonable if the appellate court finds fault with just one of these rationales." Evans, 526 F.3d at 165. "Picking through the district court's analysis in that manner would be wholly inconsistent with the Supreme Court's directives to examine the 'totality of the circumstances,' and to defer to the considered judgment of the district court." Id. (citations omitted). We have reviewed the record and have considered the parties' arguments and discern no error in the district court's decision to impose an upward departure sentence based on Hernandez's under-representative criminal history. See U.S. Sentencing Guidelines Manual ("USSG") § 4A1.3(a) (2011); see also United States v. Dixon, 318 F.3d 585, 588-89 (4th Cir. 2003) (noting that under-representative criminal history category "is an encouraged basis for departure").

We also discern no error in the district court's decision to impose an upward variant sentence. To the contrary, the district court explicitly considered several § 3553(a)

factors, including: (1) the nature and circumstances of Hernandez's offense; (2) the need to afford adequate deterrence to his criminal conduct; and (3) the need to protect the public from Hernandez's future crimes. 18 U.S.C. § 3553(a). Because the district court identified multiple reasons for its variance, all of which were based on the § 3553(a) factors and related to the particular facts of Hernandez's case, we conclude that the variance is reasonable. See King, 673 F.3d at 284 (concluding that upward variant sentence was reasonable as it was adequately supported by reference to those § 3553(a) factors that "the court determined required the sentence ultimately imposed"); Diosdado-Star, 630 F.3d at 366-67 (holding that an upward variant sentence six years longer than the Guidelines range was substantively reasonable because the district court expressly relied on several of the § 3553(a) factors to support the variance).

We also discern no error in the district court's imposition of a three-year term of supervised release. Because Hernandez did not object regarding the imposition of his three-year supervised release term, we review that portion of his sentence for plain error. Lynn, 592 F.3d at 576-77. To establish plain error, Hernandez must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732

6

(1993). Generally, for an error to affect a defendant's substantial rights, it must be prejudicial, meaning "there must be a reasonable probability that the error affected the outcome[.]" United States v. Marcus, 130 S. Ct. 2159, 2164 (2010). In the sentencing context, an error affects substantial rights only if the defendant can show that the sentence imposed was longer than the sentence he would have received without the error. United States v. Hughes, 401 F.3d 540, 548 (4th Cir. 2005). We may exercise our discretion to correct the error only if we are convinced that the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Olano, 507 U.S. at 732 (internal quotation marks omitted).

Hernandez asserts that the district court plainly erred because he failed to consider that, under USSG § 5D1.1(c) (2011), a district court "ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." According to Hernandez, the district court was at least obligated to provide some explanation for imposing the maximum available term.

We have reviewed the record and conclude that the district court considered the particular facts and circumstances of Hernandez's case and found that an added measure of

7

deterrence was needed, especially because of Hernandez's gang affiliation. The district court also explicitly indicated that it believed the three-year supervised release term should be sufficient to keep Hernandez out of the United States and to protect the public from his crimes. Because the district court considered the facts and circumstances of Hernandez's case in determining his supervised release term, we conclude that its explanation was adequate and, thus, discern no error in the district court's imposition of a three-year-term of supervised release.

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED